EASTERN PAPER-BAG Co. and others *v.* STANDARD PAPER-BAG Co. and others.

(*Circuit Court, D. Massachusetts.* January 26, 1887.)

**1. PATENTS FOR INVENTIONS—SATCHEL-BOTTOM PAPER BAGS—INFRINGEMENT—EQUIVALENT MECHANISMS.**

In reissued letters patent No. 9,202, of May 18, 1880, to Margaret E. Knight, for improvements in machines for making satchel-bottom paper bags, the essence of the improvement is the employment, in the making of the diamond fold, of a finger to push back a portion of the open end of the tube in connection with a blade or tucking-knife, which moves under the finger. In defendants' machine the diamond fold is only partially formed by means of pincers or nippers mounted on a moving roller, which takes hold of the upper ply of the tube, and draws it a proper distance over the roller, while the under ply of the tube is held down by a spear pointed separator. *Held* no infringement, the nippers mounted on the moving roller not being the equivalent of the finger, nor the moving roller the equivalent of the tucking-blade.

**2. SAME—ADJUSTABLE MACHINES—DISCLAIMER.**

The Chandler invention (letters patent No. 267,774, of November 21, 1882, to Clarence A. Chandler) is for an improvement on the Knight machine, by means of which different sizes of bags can be made adjustable on the same machine. This is done by making one portion of the machine adjustable to the other. *Held*, in view of the disclaimers in the specifications, that the invention does not cover all mechanisms for making satchel-bottom paper bags, in which the tube-forming, feeding, and cutting mechanism, and the diamond-fold laying mechanism, are in a fixed frame, and the bottom-folding and pasting mechanisms are in an adjustable frame, which is adjustable backward and forward with relation to the fixed frame.

In Equity. Bill for infringement.

*B. F. Thurston* and *Livermore & Fish*, for complainants.

*Chauncey Smith*, for defendants.

COLT, J. The defendants are charged with infringement of the fifth claim of reissued letters patent No. 9,202, dated May 18, 1880, granted to Margaret E. Knight, and of letters patent No. 267,774, granted November 21, 1882, to Clarence A. Chandler. Both patents are for improvements in machines for making satchel-bottom paper bags. The fifth claim of the Knight reissue reads as follows:

"The finger, N, or equivalent device, whether fixed or movable, to operate upon the inner side of the tube, and hold or push back a portion of the open end of the tube while the diamond fold is being formed."

In the original patent the patentee says that she believes herself to be the first to invent a device to hold back or push back a point or portion of one edge of the paper tube while the blade or tucking-knife forms the first fold. The essence of the Knight improvement is the employment, in the making of the diamond fold, of a finger to push back a portion of the open end of the tube in connection with a blade or tucking-knife which moves under the finger. It is manifest that the finger alone could not make the diamond fold, but it is the finger co-operating with the blade which produces the result.

In defendants' machine the diamond fold is formed, or partially formed, by means of pincers or nippers, mounted on a moving roller,

which takes hold of the upper ply of the tube, and draws it a proper distance over the roller, while the under ply of the tube is held down by a spear-pointed separator. In Knight's machine the blade must move under the finger to make the fold, while the finger remains stationary. In defendants' machine the pincers and roller on which they are mounted move together. In the Knight machine the finger never takes hold of or grasps the paper at any point, and it could not without tearing it. In defendants' machine the pincers must take hold of and grasp the paper firmly at a certain point, and, if they relax their grasp before the mouth is formed, the machine will not work. These are some of the differences between the two machines which are apparent upon inspection and comparison. It is further urged, with much force, that the open mouth formed by the nippers, roller, and spear-pointed separator is not a diamond fold, as the paper is not creased by these means, but that it is necessary to complete the diamond fold for the blank to be compressed between the succeeding pair of rollers. A comparison of the instrumentalities employed, and mode of operation of the two machines, makes it perfectly clear that there is no infringement, whether claim 5 be construed to cover only the finger, or by implication the finger cooperating with the blade. In no legitimate sense, even upon a broad construction of the Knight patent, can it be said that the nippers mounted upon the moving roller are the equivalent of the finger, or that the moving roller is the equivalent of the tucking-blade. It is unnecessary to consider the other defenses raised in the Knight patent. The Chandler invention is for an improvement on the Knight machine, by means of which different sizes of bags can be made adjustable on the same machine. This is done by making one portion of the machine adjustable to the other. The claim is as follows:

"In a machine for making satchel-bottom paper bags, the combination of tube-forming, tube-feeding, tube-cutting, and diamond-fold laying mechanisms, having bearings in a fixed frame, with another frame adjustable backward and forward, relatively, on said fixed frame, and fixed thereto during the operation of the machine, and the bottom-folding and pasting mechanism borne by said adjustable frame, and adapted to cross-fold the diamond fold in two places, parallel each to the other, whereby the machine may be adjusted to make bags of different sizes from tubes or blanks of different width, substantially as described."

It cannot be seriously contended that the specific form of mechanisms enumerated in this claim, or the means of adjustment described in the specification, are to be found in defendants' machine. The position is taken, however, that the Chandler invention is not limited to the form of mechanisms, or to the particular means of connecting the two sets of mechanisms, but that it covers all mechanisms for making satchel-bottom paper bags in which the tube-forming, feeding, and cutting mechanism, and the diamond-fold laying mechanism, are in a fixed frame, and the bottom-folding and pasting mechanism are in an adjustable frame, which is adjustable backward and forward with relation to the fixed frame. I cannot give such a broad construction to this claim.

Chandler did not invent a new principle of mechanics. The idea of adjusting one part of a machine to another, to adapt it to different conditions of work, was old. In this case, as in others, the claim must be construed and limited by what is found in the specification and drawings. These will show the real scope of Chandler's invention. Chandler took a Knight machine, and made it adjustable. He saw that, in order to adapt a Knight machine to bags of different sizes, it was necessary to make the rollers and blades adjustable with respect to the diamond-fold laying mechanism, because it is manifest that the leading end of the diamond fold will vary in length with the width of the bag, and it follows that, in order to enable the cross-fold mechanism to properly receive the ends of the diamond fold, it must be capable of adjustment. The specification says that the leading end of the diamond fold "will project more or less, according to the width of the bag, and it is to enable the rollers, *j, k,* to properly receive the leading end of the diamond folds, differing in length, that the said rollers, with the blades and head, D, or the parts for cross-folding the diamond-folded portion of the bag-blank, are made adjustable towards and from the cutting and diamond-fold laying mechanism." But the adjustment herein described is not claimed broadly by Chandler, as is shown by the following disclaimer found in the specification:

"I do not broadly claim adjusting the rollers in a paper-bag machine towards and from the tube-severing mechanism, merely to place the rollers at the proper distance therefrom to enable them to catch the end of the paper, and hold it, as the paper is being cut off for the bag."

The patent also contains two other disclaimers, relating to some of the specific mechanisms employed. To sustain the claim of the Chandler patent as against these defendants, and in view of the disclaimers, it must be held to cover all machines containing the combination set out in the claim, independently of the means of adjustment or of the forms of mechanism which go to make up the different elements described. Believing such a construction of the claim to be untenable, I must find that the defendants have not infringed.

The position is also taken by the defendants that part of their tube-cutting and diamond-fold laying mechanisms is found in the adjustable, and not in the fixed, frame, and that, therefore, they have not the combination composing the claim. This defense might deserve a more careful consideration, if I did not think the other ground already considered conclusive of the case.

Bill dismissed, with costs.